UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| QUENTIN DEWAYNE RIDLEY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. G-09-313 |
| | § | |
| JOHN ELLISOR, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

Inmate Quentin Dewayne Ridley (#88772), an inmate at the Galveston County Jail, filed this action under 42 U.S.C. § 1983, alleging violations of his civil rights. On November 23, 2010, an order for more definite statement was mailed to the plaintiff at his address of record. On December 6, 2010, the order was returned to the court marked: "Return to Sender-No Longer at This Address-Unable to Forward." To date, the Court has not received a notice of address change from the plaintiff. Parties bear the burden of advising the court of address changes. *See* Local Rule 2(F). The failure to do so, as in the instant case, can result in the dismissal of an action for want of prosecution. *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to properly pursue this action prompts the Court to conclude that he lacks due diligence or no longer wishes to pursue his case.

Therefore, under the inherent powers necessarily vested in a district court to manage its own affairs, this Court determines that dismissal for want of prosecution is appropriate. *See* FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998) (noting that a district court may dismiss an action *sua sponte* for failure to prosecute or to comply with any court order). The plaintiff is advised, however, that upon a proper showing, relief from this order may be granted in accordance with Rule 60(b) of the Federal Rules of Civil Procedure.

2 / 2

Accordingly, it is **ORDERED** that this action is **DISMISSED** without prejudice for want of prosecution.

SIGNED at Houston, Texas this 21st day of December, 2010.

Kenneth M. Hoyt
United States District Judge